OPINION
{¶ 1} Plaintiff-appellant, Eric Parks, appeals from a judgment of the Franklin County Municipal Court granting him attorney fees in the amount of $800 in the prosecution of this case against defendants-appellees, Deborah and Mohammad Kanani. Because the amount of the trial court's attorney fees award appears arbitrary, we reverse that judgment and remand this matter for a determination of reasonable attorney fees.
 {¶ 2} Appellant obtained a $1,600 judgment against appellees for appellees' wrongful withholding of his security deposit. Appellant then requested an award of attorney fees pursuant to R.C. 5321.16(C). After an evidentiary hearing at which appellant's counsel presented an invoice totaling $10,296 for legal services rendered, the trial court awarded appellant $250 in attorney fees. On appeal, we reversed the trial court's award of attorney fees as arbitrary because the court failed to explain how it arrived at the $250 figure given the evidence presented. We further instructed the trial court to make additional factual findings and to give its reasons for the amount of attorney fees it awards. Parks v. Kanani (Mar. 21, 2002), Franklin App. No. 01AP-905 (hereinafter "Parks I").
 {¶ 3} On remand, the trial court awarded appellant attorney fees in the amount of $800. The court found that some of the work for which appellant's counsel charged was repetitious and unnecessary. For instance, the court noted that appellant's counsel billed in excess of $3,000 for a motion for summary judgment that was unnecessary. The trial court also felt that an award of attorney fees in excess of $10,000 was not acceptable in a case where the total judgment was only $1,600. But the trial court did not indicate how it arrived at the figure of $800.
 {¶ 4} Appellant again appeals, assigning the following error:
 {¶ 5} "Whether the trial court erred by capriciously and randomly awarding a substantially reduced sum of attorney's fees contrary to R.C. § 5321.16(C)."
 {¶ 6} Under R.C. 5321.16(C), if a landlord fails to comply with R.C. 5321.16(B), the tenant is entitled to reasonable attorney fees. As we noted in Parks I, "[t]he trial court shall determine the amount of such fees based upon the evidence presented, and such determination shall not be reversed except upon an abuse of discretion. * * * Abuse of discretion connotes more than a mere error of law or judgment, it implies an attitude by the trial court which is arbitrary, unreasonable, or unconscionable. * * * `"Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere."'"
 {¶ 7} In Parks I, we instructed the trial court to determine the amount of reasonable attorney fees based upon the evidence presented and to give its reasons for whatever award it felt appropriate. Appellant contends that the trial court acted capriciously on remand in determining the amount of reasonable attorney fees. We agree. The trial court failed to provide sufficient reasons why it awarded $800 in attorney fees based upon the evidence presented. This figure seems completely arbitrary. We recognize and share the trial court's concerns about the amount of attorney fees sought by appellant in this case, "given the relatively straightforwardness of the landlord/tenant action." Parks I, supra. However, other than the amount billed for the preparation of the motion for summary judgment and one other charge, both totaling a little over $3,000, there is no indication why the trial court disregarded almost $6,500 of additional charges in arriving at a final award of $800. If the trial court believes that other charges were repetitious or unnecessary, it should say so in a manner that allows this court to assess whether the award constitutes an abuse of discretion.
 {¶ 8} Appellant's single assignment of error is sustained. We again reverse the trial court's decision and remand the matter for a determination of reasonable attorney fees based upon the evidence presented and the trial court's assessment of that evidence. The trial court need not necessarily take additional evidence in making this determination.
Judgment reversed and remanded.
BOWMAN and BROWN, JJ., concur.